UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Michael Buxbaum,

Plaintiff,

-against-

Donald John Trump,

Defendant.

25-CV-3053 (JGK)

ORDER OF DISMISSAL

JOHN G. KOELTL, Chief United States District Judge:

The plaintiff, who is appearing *pro se*, brings this action pursuant to Bivens v. Six

Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), alleging that the

defendant, President Donald J. Trump is following him around the country and ordered federal

agents to inject the plaintiff with a virus. The Court dismisses the complaint for the reasons set

forth below.

### STANDARD OF REVIEW

The Court may dismiss any case *sua sponte* if the case is found to be frivolous.

*Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam)

(citing *Pillay v. INS*, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam)).

Although the Court may dismiss a frivolous complaint, the Court is obliged to construe

*pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to

raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d

471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a

claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure,

which requires a complaint to make a short and plain statement showing that the pleader is

entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint.[1]

The plaintiff alleges that the defendant, President Donald J. Trump, is receiving money

from two other individuals—Adam D. Sommer and Cari. J. Summer—to follow the plaintiff

around the country in various forms of transportation. *See* Compl., ECF No. 1. The plaintiff

further alleges that the defendant instructed the federal government to inject him with a virus. *Id.*

## DISCUSSION

### A.    Plaintiff's claims are frivolous

"[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff

has paid the required filing fee . . . ." *Fitzgerald*, 221 F.3d at 364. "[A] finding of factual

frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly

incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if

the sufficiently well-pleaded facts are 'clearly baseless' – that is, if they are 'fanciful,' 'fantastic,'

or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S.

at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative

history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319,

324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact.");

*Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions

are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory."

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

(internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

The plaintiff's complaint is premised upon his belief that the president of the United States is receiving money in exchange for following the plaintiff around the country and has directed the federal government to inject him with a virus that can be activated upon command.

However, a "[p]laintiff's beliefs – however strongly he may hold them – are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). The plaintiff provides no factual basis for his assertions that he was the victim of the alleged actions. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414, 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

The Court finds that the plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The plaintiff has provided the court with a narrative full of details of what he believes – that the defendant has conspired to deprive him of him federally protected rights. Despite all of the details provided, the plaintiff has pleaded no factual predicate in support of his assertions. The plaintiff's allegations amount to conclusory claims and suspicions that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional

3

surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652, 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

**B.    Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in the plaintiff's complaint cannot be cured with an amendment, the Court declines to grant the plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

CONCLUSION

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

4

The Court directs the Clerk of Court to enter judgment dismissing this action, and closing this case.

SO ORDERED.

Dated:
    New York, New York
    5/5/25

JOHN G. KOELTL
Chief United States District Judge